IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN PRUDE, #205 287, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-454-WKW |
| ) | [WO] |
| COMMISSIONER DUNN, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on June 20, 2014. When he filed suit, Plaintiff was incarcerated at the Easterling Correctional Facility in Clio, Alabama.

On June 24, 2016, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint and amendment thereto. *See* Doc. 4. The order of June 24 also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement would result in a Recommendation that his case be dismissed. *See Id.* at 4, ¶8(h).

On August 10, 2016, Plaintiff's copies of orders filed July 27 & 28, 2016, and August 4, 2016, were returned to the court marked as undeliverable because Plaintiff is no longer housed at the Easterling Correctional Facility. This is the last known address the court has on file for Plaintiff. Consequently, the court entered an order on August 12, 2016, directing Plaintiff to provide the court with his present address on or before August 22, 2016. Doc. 24. Plaintiff was cautioned that his failure to comply with the court's August 12 order would result in a recommendation this case be dismissed. *Id*. Plaintiff's copy of the court's August 12, 2016, order was returned to the court on August 22, 2016, marked as undeliverable.

1

As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court and that he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that **on or before September 14, 2016**, the parties may file any objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 31st day of August, 2016.

 /s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE